IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

v.                       No. 4:14-cr-40018
                         No. 4:15-cv-04083

CHRISTOPHER XAVIER PERRY                                                    MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed *pro se* by Christopher Xavier Perry ("Perry"), an inmate confined at the Terre Haute Federal Correctional Institution in Terre Haute, Indiana. ECF No. 39.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 45. The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 39) be **DENIED**.

**1.    Background**:

On May 20, 2014, a criminal complaint was filed against Perry alleging he was in possession of a mixture or substance containing a detectable amount of methamphetamine with the intent to distribute it. ECF No. 1. This was in violation of 21 U.S.C. § 841(a)(1). *Id.*

On May 22, 2014, Perry was arrested and made his initial appearance before the Honorable Barry A. Bryant on May 23, 2014. ECF No. 4. The Court appointed Tiffany Fields to represent Perry. ECF No. 6. Perry waived the issues of probable cause and detention and was ordered

detained and remanded to custody. ECF No. 8.

On June 25, 2014, Perry was named in a three-count Indictment filed in the United States District Court for the Western District of Arkansas. ECF No. 10. Count One charged Perry with conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine, Count Two charged him with distribution of a mixture or substance containing a detectable amount of methamphetamine, and Count Three charged him with possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine. *Id.* On July 11, 2014, Perry appeared for an arraignment with counsel before the Honorable Barry A. Bryant and entered a not guilty plea as to each count. ECF No. 14.

On August 15, 2014, Patrick J. Benca filed a notice of attorney appearance on behalf of Perry. ECF No. 20. On August 19, 2014, Tiffany Fields filed a motion to withdraw as attorney for Perry. ECF No. 21. On August 21, 2014, Judge Barry A. Bryant entered an order granting Mrs. Fields's motion to withdraw. ECF No. 23. On January 5, 2015, Jasmine Crockett also filed a notice of attorney appearance. ECF No. 28.

On March 9, 2015, Perry appeared with counsel, Patrick Benca and Jasmine Crockett, before the Honorable Harry F. Barnes for a change of plea hearing. ECF No. 29. After insuring Perry was entering the Plea Agreement voluntarily, knowingly, and intelligently, the Court informed him of his rights, the maximum and minimum penalties possible, read him the Indictment, and stated the substance of the charge. ECF No. 29. After agreeing the United States could prove the essential elements of the charge against him, Perry entered a plea of guilty to Count One, Conspiracy to Distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. *Id.* The Court then accepted Perry's plea and ordered a Presentence Investigation Report ("PSR"). *Id.*

On May 12, 2015, the Probation Office issued Perry's initial PSR. ECF No. 31. The PSR

assessed a base offense level of 34 pursuant to U.S.S.G. § 2D1.1(c)(3). ECF No. 33 ¶ 32. Perry received a 3-point reduction for acceptance of responsibility all of which resulted in a total offense level of 31. ECF No. 33 ¶¶ 39-41. Perry's criminal history amounted to a score of three (3), placing him in criminal history category II. *Id.* ¶¶ 65-66. Perry's statutory provision called for a maximum term of 20 years. *Id.* ¶ 98. Perry's guideline range was 121-151 months. *Id.* ¶ 99. On May 29, 2015, the United States filed a response indicating that the Government had no objections. ECF No. 32. On June 15, 2015, the Probation Office issued Perry's final PSR. ECF No. 33.

On June 27, 2015, Ms. Crockett filed a sentencing memorandum stating that Perry should receive a downward departure based upon his medical condition and his youthfulness. ECF No. 35, P. 4. Ms. Crockett also objected to the base offense level used to calculate the sentence in the PSR in paragraph 32 noting that Perry and the Government had stipulated in the plea agreement that the base offense level would be 32. ECF No. 35, P. 8. Ms. Crockett noted that pursuant to this stipulation, Perry's final total offense level should be a 29 instead of a level 31. ECF No. 35, P. 8.

On August 28, 2015, Perry appeared for sentencing. ECF No. 36. The Court adopted the presentence investigation report without change. *Id.* After hearing arguments from counsel, the Court sentenced Perry to 97 months imprisonment, 3 years supervised release, and a special assessment of $100.00. ECF Nos. 36-37.

On September 1, 2015, Perry filed the instant *pro se* Motion pursuant to 28 U.S.C. § 2255. ECF No. 39. This was a one-page Motion. According to his *pro se* § 2255 Motion, Perry requests to be re-sentenced and explains that both of his attorneys rendered ineffective assistance because they were not prepared for the sentencing hearing. *Id.* Concerning Ms. Crockett, Perry complains that "I had not seen her in months since the rough draft of my P.S.R.," that he "had never seen a final copy of [his] PSR," that "she didn't file any of the objections that we originally agreed it," and that

"she didn't file any of the motions that she said that she was supposed to file either." *Id.* Perry also adds that his other attorney, Mr. Benca, was not at his sentencing hearing. *Id.*

The United States was ordered to provide a response by August 19, 2016. ECF No. 41. On August 18, 2016, the United States moved for a continuance concerning the deadline to file its response because it had not yet received a transcript for the sentencing hearing. ECF No. 43. On August 23, 2016, the transcript was received. On August 26, 2016, the Government filed a response. ECF No. 45.

**2.      Instant Motion**:

On September 1, 2015, Perry timely filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 39. The Court directed a response, and the Government filed its Response. ECF No. 45. In this Motion, Perry raises the following issues:

A.      Ineffective assistance of counsel because Perry's counsel failed to communicate with him regarding his PSR, failed to file objections to his PSR, and failed to file pretrial motions; and

B.      Ineffective assistance of counsel because his trial counsel, Patrick Benca, did not appear at the sentencing hearing.

ECF No. 39. This matter is now ready for decision.

**3.      Discussion**:

Perry requests relief under 28 U.S.C. § 2255. ECF No. 39. A § 2255 motion is fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). As noted above, Perry requests relief based upon the two arguments listed above. The Government has responded to each of these claims.

ECF No. 45. The Court will address each of these specific issues.

However, as an initial matter and in considering these arguments, the Court notes in order to prevail on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence," and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (*quoting Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (*quoting Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(*citing United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court considers counsel's performance objectively and gauges whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ." *White,* 314 F.3d at 678. If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a

defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

### A. Ineffective Assistance: Correspondence and Pre-Trial Motions

Perry claims his counsel was ineffective because she failed to communicate with him regarding his PSR, did not file objections to his PSR, and did not file any pretrial motions. ECF No. 39.

First, Perry claims his counsel did not communicate with him regarding his PSR. However, upon review, the Court finds Perry stated on the record at the sentencing hearing that counsel *did communicate* with him regarding his PSR:

> THE COURT: Ms. Crockett, do you have–you've read that pre-sentence report, have you not?
>
> MS. CROCKETT: Yes, Your Honor.
>
> THE COURT: Have you gone over it with your client?
>
> MS. CROCKETT: Yes, Your Honor.
>
> THE COURT: Okay. Mr. Perry, is that accurate?
>
> MR. PERRY: Yes, sir.

ECF No. 46 at 8-9. Thus, the Court finds this claim is without merit.

Second, Perry claims his counsel was ineffective because she failed to file objections to his PSR. ECF No. 39. Despite this claim, however, Ms. Crockett did file a sentencing memorandum objecting to Perry's base offense level, as determined in the PSR, not reflecting the Parties Plea

Agreement. ECF No. 35. This objection was successful and the Court granted a 2-level reduction in Perry's base offense. ECF No. 44, at 10-11. Perry does not provide any further explanation regarding *which other objections* Ms. Crockett should have lodged. *Id.* Thus, Perry has not demonstrated either that his counsel was ineffective or that he was prejudiced by her alleged ineffectiveness. Accordingly, this second claim should be denied.

Third, Perry claims his counsel was deficient because she failed to "file any of the motions that she said that she was supposed to file." ECF No. 39 at 1. Perry does not, however, specify *which* motions should have been filed or demonstrated how he was prejudiced by his counsel's purported failure to file those motions. Thus, Perry cannot meet the requirements of *Strickland* as outlined above for demonstrating ineffective assistance of counsel and prejudice. Accordingly, this third claim should be denied.

**B.    Ineffective Assistance: Benca's Absence at the Sentencing Hearing**

Perry claims his counsel was ineffective because his "other lawyer wasn't even present" at his sentencing hearing. ECF No. 39 at 1. Upon review of the transcript from the sentencing hearing, however, Perry had no objection to his other attorney being absent:

THE COURT:    Now, today everything has been done, and we're moving forward with sentencing. If you have any questions about anything that we do, just let us know. Let your attorney know. We'll call a recess and try to explain it to you.

MR. PERRY:    Okay.

THE COURT:    Can you do that? Okay. Good. Let the record reflect that Mr. Perry is in court with his attorney, Ms. Jasmine Crockett–is here. Also, Patrick Benca is an attorney for the defendant; however, he's

|               |                                                                                         |
|---------------|-----------------------------------------------------------------------------------------|
|               | indicated that he is going to allow or should Ms. Crockett be able to do this to stand in for you today. |
| MS. CROCKETT: | Yes, sir.                                                                               |
| THE COURT:    | But you still have two – two attorneys and Ms. Crockett is one and Mr. Benca is the other. Now, Mr. Perry, I'm going to place you under oath in a minute and ask you a couple of questions. But they're not–they're going to be hard, but I expect you to tell me the truth. |
| MR. PERRY:    | Okay.                                                                                   |

ECF No. 46 at 8-9.

Perry has also stated no facts showing how Benca's failure to attend the sentencing hearing prejudiced him. He has made no showing that his situation would have been different if Benca had been present at the sentencing hearing. As such, this allegation is insufficient to prove an ineffective assistance of counsel claim.

**4.     Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Perry is clearly not entitled to the relief he seeks.[1] Further, I find Perry has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**5.     Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and

---

[1] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

dismissed with prejudice. Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **19th day of September 2017.**

                                                       /s/ Barry A. Bryant  
                                                     HON. BARRY A. BRYANT  
                                                     U.S. MAGISTRATE JUDGE