IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.                                            Case No. 4:14-cr-40018

CHRISTOPHER XAVIER PERRY                                                              DEFENDANT

## ORDER

Before the Court is Defendant Christopher Xavier Perry's Motion to Reduce Sentence. (ECF No. 51). The Court finds that no response is necessary and that the matter is ripe for consideration.

### I. BACKGROUND

On March 9, 2015, Defendant pleaded guilty to one count of conspiracy to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. On August 28, 2015, the Court sentenced Defendant to a term of ninety-seven months' imprisonment, a three-year term of supervised release, and a $100 special assessment. Defendant is currently incarcerated in FTC Oklahoma and states that he has served all but fourteen months of his term of incarceration.

On April 14, 2020, Defendant filed the instant *pro se* motion, asks the Court to reduce his sentence to time served or, alternatively, to allow him to complete the remainder of his sentence on home confinement. Defendant states this relief is necessary due to extraordinary health problems that render him vulnerable to COVID-19. Defendant does not specify the authority under which he moves, so the Court construes the motion as seeking relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and sections 602 and 603 of the First Step Act of 2018 (the "FSA").

### II. DISCUSSION

As stated above, Defendant asks for a reduction of his sentence to time served. Alternatively, he asks the Court to allow him to complete the remainder of his sentence on home confinement. The Court cannot grant either request for the following reasons.

### A. Compassionate Release

"A court's ability to modify a sentence after it has been imposed is extremely limited." *United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *2 (N.D. Iowa Jan. 8, 2020). One way a court may modify a sentence is through "compassionate release," as outlined in 18 U.S.C. § 3582(c)(1)(A), which was recently modified by the FSA. Pub. L. No. 115-391, 132 Stat. 5194, at 5239.

Defendant bears the burden of showing that compassionate release is appropriate. *United States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)). Compassionate release is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i). However, before reaching those issues, the Court must first determine whether Defendant fully exhausted all administrative remedies within the BOP before filing this motion. *Id.* If not, the Court cannot continue further.

As a threshold matter, Defendant must satisfy certain procedural requirements before filing a compassionate-release motion. "Before the enactment of the FSA, a motion for compassionate release had to be filed by the Director of the [BOP] and an inmate could not unilaterally file one with the court." *Mitchell*, 2020 WL 544703, at *1. However, the FSA now permits an inmate to seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden of showing that he exhausted his administrative remedies with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50.  In short, a request for compassionate release must first be submitted to the warden of the BOP facility the defendant is housed in.  28 C.F.R. § 571.61(a).  If the warden approves the request, it is sent to the BOP's general counsel for approval.  28 C.F.R. § 571.62(A)(1).  If the general counsel approves the request, it is sent to the BOP's director for a final decision.  28 C.F.R. § 571.62(A)(2).  If the director approves, he or she will ask the U.S. Attorney in the applicable judicial district to file a compassionate-release motion on the BOP's behalf.  28 C.F.R. § 571.62(A)(3).

If the warden of the defendant's BOP facility denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program.[1]  28 C.F.R. § 571.63(a).  If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time.  28 C.F.R. § 571.63(b-c).

Defendant has not shown that he has exhausted the BOP's administrative process before filing the instant motion.  Thus, the Court cannot find from the record that Defendant has fully exhausted his administrative remedies with the BOP before filing this motion.  For this reason, the Court finds that Defendant currently lacks standing to move for relief under section 603(b) of the FSA, and thus, the Court cannot consider that request.  To the extent that this motion seeks relief under section 603(b) of the FSA, it should be denied without prejudice to its refiling in the future if Defendant exhausts his administrative remedies within the BOP as described above.  *See United States v. Mendoza*, No. CR103131DWFFLN, 2019 WL 6324870, at *4 (D. Minn. Nov. 26, 2019).

**B. Home Confinement**

Defendant alternatively asks the Court to allow him to serve the remainder of his sentence on home confinement.

---

[1] If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days.  18 U.S.C. § 3582(c)(1)(A)(i).

Following the enactment of section 602 of the FSA, the BOP is directed to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months" and BOP should, to the extent practicable, "place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2). Much like section 603, a prisoner must fully exhaust all administrative remedies within the BOP before filing a motion regarding confinement. *Austin v. Woods*, No. 2:19-cv-7-WHA, 2019 WL 2417654 (M.D. Ala. May 17, 2019). For the reasons discussed above, Defendant has not shown that he has done so.

Even if he had, though, section 602 of the FSA does not provide the relief Defendant seeks. A court may not modify a term of imprisonment once it has been imposed except when expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c). Nothing in the FSA, or the statutes amended by it, permits the Court to place Defendant in home confinement. *United States v. Kluge*, No. CR 17-61 (DWF), 2020 WL 209287, at *3 (D. Minn. Jan. 14, 2020). The FSA did not change 18 U.S.C. § 3624(c)(4), which states that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the [BOP] under section 3621," which in turn provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. §§ 3624(c)(4), 3621(b).

Thus, the discretionary authority to place a prisoner on home confinement remains solely with the BOP. 18 U.S.C. §§ 3624(c)(4), 3621(b); *see also United States v. Norris*, No. 7:17-CR-40-FL-1, 2019 WL 5079759, at *1 (E.D.N.C. Oct. 10, 2019) (collecting cases). The FSA does not provide the relief Defendant seeks, and the Court lacks authority to order the BOP to place him on home confinement.[2] To the extent that Defendant seeks to be released to home confinement, he must make

---

[2] This ruling should not be read to reflect negatively on Defendant's eligibility for home confinement or on the conditions of any such placement. The Court notes the expressed Congressional directive that the Bureau of Prisons, to the extent practicable, should place prisoners with lower risk levels and lower needs on home confinement.

that request to the BOP.

## III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's motion (ECF No. 51) should be and is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of April, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge