IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.                                         Case No. 4:14-cr-40018

CHRISTOPHER XAVIER PERRY                                                              DEFENDANT

# ORDER

Before the Court is Defendant's Motion to Reduce Sentence (ECF No. 56), Motion for Production of Medical Records, and to Appear Pro Se (ECF No. 58), Motion for Compassionate Release (ECF No. 59) and Defendant's Supplemental Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018. (ECF No. 63). The Government filed a response. (ECF No. 67). The Court finds this matter ripe for consideration.

## I. BACKGROUND

On March 9, 2015, Defendant pleaded guilty to one count of conspiracy to distribute a mixture or substance containing methamphetamine in violation of Title 21 U.S.C. §§ 841(a)(1) and 846. On September 1, 2015, Defendant was sentenced to ninety-seven (97) months imprisonment, three (3) years supervised release with conditions, and a $100.00 special assessment.

On May 8, 2020, Defendant filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) and Sections 602 and 603 of the First Step Act. On May 11, 2020, the Court appointed the Federal Public Defender to represent Defendant with respect to any motions for compassionate release. (ECF No. 57). On October 14, 2020, Defendant filed a Motion for Production of Medical Records and to Appear Pro Se. (ECF No. 58). That same day, Defendant

filed a Motion for Compassionate Release.[1] (ECF No. 59). On February 23, 2021, Defendant filed a Supplemental Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018. (ECF No. 63). On March 16, 2021, the Government filed a response. (ECF No. 67).

## II. DISCUSSION

As previously stated, Defendant seeks a compassionate-release reduction of his sentence pursuant to the First Step Act ("FSA"). The government contends that a compassionate release is not appropriate in this case.

Relief is available under the First Step Act ("FSA") if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i). The Court will address each issue; however, the Defendant must satisfy the statute's gate-keeping provision before the Court addresses the merits.

### A. Exhaustion of Administrative Remedies

The FSA has provided two avenues for a defendant to bring a compassionate release motion to a district court. The defendant may either file a motion once he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prison ("BOP") to bring the motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

---

[1] While not explicitly stated by Defendant, the Court interprets this motion to be a renewed Motion for Compassionate Release.

Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility in which the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

In the present case, Defendant filed a request for a reduction in sentence with the warden of Federal Transfer Center, Oklahoma City, Oklahoma. (ECF No. 63-1). This request was received by the warden on May 14, 2020.[2] On June 4, 2020, Defendant's request was denied. There is nothing in the record to indicate that Defendant appealed this decision pursuant to 28 C.F.R. §

---

[2] Pursuant to 18 U.S.C. 3582(c)(1)(A), the administrative remedies are deemed exhausted if more than thirty (30) days has passed from the date of receipt of the request by the warden or the denial of the request has been appealed. Defendant indicates that his administrative remedies are satisfied because thirty (30) days elapsed from when he sent his request, but as previously noted, the thirty (30) days is measured from the date the warden receives the request.

571.63(a). The Government states that it does not object to Defendant's claim that he has exhausted his administrative remedies. (ECF No. 67, p. 4). However, the Government may not waive the administrative requirements necessary for compassionate release. Thus, due to his failure to exhaust his administrative remedies, the Court must deny the present motion.

Accordingly, Defendant has not satisfied the gatekeeping requirement. However, even if Defendant had exhausted his administrative remedies, his motion would still fail on the the merits.

### B. Extraordinary and Compelling Reasons

Pursuant to the FSA, the Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. §3582(c)(1)(A)(i). Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A).[3] This policy

---

[3] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement. This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA. *See* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion). Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the pre-FSA policy statement or if courts can look beyond those examples. Courts have answered that question with mixed results. *See United States v. Brown*, 411 F. Supp. 3d 446, 449-50 (S.D. Iowa 2019) (highlighting the debate regarding the outdated policy statement). However, at minimum, the pre-FSA policy statement provides guidance as to what constitutes extraordinary and compelling reasons. *See U.S. v. Schmitt*, 2020 WL 96904, at *3 (stating that various courts agree that even though the policy statement has not been updated, it nevertheless provides helpful guidance).

statement limited "extraordinary and compelling reasons" to only include the following four circumstances:

> (A) Medical Condition of the Defendant. –
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances. –
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant argues that his medical conditions and the inability to social distance while incarcerated qualifies him for compassionate release. Defendant is 27 years old, obese, and has short gut syndrome, mild ischemia, vitamin B-12 deficiency anemia, post ileocecal diarrhea, and a history of a pulmonary embolism. (ECF No. 63-2). Defendant further argues that keeping him

5

incarcerated with debilitating illnesses plus risk of exposure to COVID-19 qualifies as cruel and unusual punishment.

The Government argues that while Defendant may have several medical issues, the medical staff of the BOP is well equipped to manage Defendant's medical needs. The Government also maintains that the BOP is doing as much as possible to keep the prisoners safe and reduce the spread of COVID-19.

While the Court agrees that Defendant has a series of serious medical conditions, Defendant has not shown that these medical conditions cannot be managed by the medical staff. Further, even if the Court found these conditions to be an extraordinary and compelling reason to justify compassionate release, Defendant's argument would fail under the sentencing factors laid out in 18 U.S.C. § 3553(a).

**C. § 3553(a) Factors**

The Court must also determine whether the sentencing factors set forth in 18 U.S.C. § 3553(a) support a compassionate release, to the extent that any are applicable. That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed—
> >
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > >
> > > (B) to afford adequate deterrence to criminal conduct;
> > >
> > > (C) to protect the public from further crimes of the defendant; and

> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant argues that because he has less than four months to serve on his sentence, he qualifies for compassionate release.[4] Defendant adds that he has had sufficient time to reflect on the seriousness of his crime and has secured a pathway to employment through his plan to enroll in trucking school, to obtain a CDL license and be employed by Down South Freight Solution in North Little Rock. Defendant concludes that his medical condition in conjunction with having served ninety percent of his sentence warrants compassionate release.

The Government argues that a reduction is unwarranted under § 3553(a) due to the nature of the offense and while Defendant may have serious medical conditions that could warrant his release, he remains a danger to the community. The Government maintains that Defendant's actions in distributing large quantities of methamphetamine qualifies him as a danger to the community.

While the Court acknowledges Defendant's medical concerns, the other contributing factors weigh against him. The nature of this crime combined with Defendant's failure to show

---

[4] Defendant is currently set for release on June 2, 2021.

that his medical conditions cannot be adequately treated by the BOP do not support release. Accordingly, the § 3553(a) factors do not support Defendant's request for compassionate release.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's Motion to Reduce Sentence (ECF No. 56), Motion for Production of Medical Records and to Appear Pro Se (ECF No. 58), Motion for Compassionate Release (ECF No. 59), and Defendant's Supplemental Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018. (ECF No. 63) should be and hereby are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of April, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge